UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEILAN GUZMAN-JARQUIN<br><br>Petitioner,<br><br>v.<br><br>PATRICK DIVVER, Field Office Director of Enforcement and Removal Operations, San Diego Field Office, Immigration and Customs Enforcement; et al.,<br><br>Respondent. | Case No.: 26-cv-2917-BJC-JLB<br><br>**ORDER GRANTING HABEAS CORPUS PETITION IN PART**<br><br>**[ECF No. 6]** |

## I.    BACKGROUND

On August 9, 2023, Meilan Guzman-Jarquin ("Petitioner") entered the United States without inspection near San Ysidro, California. *Guzman-Jarquin v. Divver*, No. 26-CV-514-BJC-JLB, 2026 WL 571615, at *1 (S.D. Cal. Feb. 27, 2026).  She was apprehended by Custom Border Patrol and taken into custody. *Id.*  On August 10, 2023, Petitioner was issued a Notice to Appear and was released on an order of her own recognizance.  On November 25, 2025, she left the United States and went back to Mexico of her own accord. *Id.* at 2.  On December 5, 2025, Petitioner again entered the United States without inspection or valid entry documents. *Id.*  She was apprehended and detained by U.S. Border Patrol. *Id.*  She has remained in detention since her arrest on December 5, 2025. *Id.*

Petitioner filed her first petition for a writ of habeas corpus on January 27, 2026. *Id.* On February 9, 2026, Respondents filed a return, and Petitioner did not file a traverse. *Id.*

The Court denied the petition without prejudice on February 27, 2026, finding that Petitioner was not a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz.* 2025 WL 3288403.

On May 8, 2026, Petitioner filed a renewed petition for a writ of habeas corpus, arguing that her detention has become unconstitutionally prolonged, making her eligible for a bond hearing.  ECF No. 1.  On May 18, 2026, Respondents filed a return.  ECF No. 5.  For the reasons set forth below, the Court **GRANTS** the petition in part.

## I.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  Under 28 U.S.C. § 2241, a district court has the authority to grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  The Petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).

## II.    DISCUSSION

### A.    Detention under 8 U.S.C. § 1225(b)(2)

Section 1225(b)(2) states that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall* be detained for a proceeding under section 1229a of this title."  8 U.S.C. § 1225(b)(2)(A). (emphasis added).

In the present case, Petitioner is an applicant for admission under § 1225(a)(1). *Guzman-Jarquin,* 2026 WL 571615, at *1.  An immigration officer determined that Petitioner is a non-citizen who sought admission without proper documentation.  *Id* at 2. Petitioner's immigration proceedings remain pending.  *Id.*  Therefore, Petitioner is properly

26-cv-2917-BJC-JLB

detained under § 1225(b)(2).

**B.**      <u>**Constitutional Right Against Prolonged Mandatory Detention**</u>

Indefinite prolonged detention of an alien raises due process concerns. *Zadvydas v. Davis*, 533 U.S. 678, 690, (2001) ("A statute permitting indefinite detention of an alien would raise a serious constitutional problem."); *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018) ("We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so."). Many district courts addressing habeas petitions asserting claims based upon mandatory detention have determined that prolonged detention without a bond hearing violates due process rights. *See Gao v. LaRose*, No. 25-CV-2084-RSH-SBC, 2025 WL 2770633, at *3 (S.D. Cal. Sept. 26, 2025) (listing cases).

This Court finds the three-factor balancing test from *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022) provides an appropriate assessment of the possible constitutional implications of Petitioner's ongoing detention without a bond hearing. The *Lopez* three-factor test includes an evaluation of (1) the total length of detention, (2) the likely duration of future detention, and (3) delays in the removal proceedings caused by the petitioner and the government. *Id.*

Applying these factors, the Court concludes that Petitioner's detention has become unconstitutionally prolonged. Petitioner has been detained for eight months—within the range that courts have found unconstitutional without a bond hearing. *See, e.g., Amado v. United States Dep't of Just.*, 2025 WL 3079052, at *6 (S.D. Cal. Nov. 4, 2025) ("Courts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable."); *Cabral v. Decker*, 331 F. Supp. 3d 255, 261 (S.D.N.Y. 2018) (finding detention for over seven months weighs in favor of the petitioner).

Second, the likely duration of future detention also weighs in favor of Petitioner. Depending on the result of Petitioner's merit hearing, there may be an appeal, and she will remain in detention for the duration of the appeal. "This process may take up to two years

or longer." *Banda v. Neilsen,* 385 F. Supp. 3d 1099, 1119 (W.V. Wash. 2019). Additionally, Petitioner is detained at Otay Mesa Detention Center, where conditions "are not dissimilar to criminal confinement." *Gao*, 805 F. Supp. 3d at 1111. As such, this factor weighs in Petitioner's favor.

Third, the delay factors are neutral. The Department of Homeland Security filed a motion to recalendar Petitioner's previous proceedings on February 5, 2026. ECF No. 5 at 2. Petitioner's counsel withdrew from the case on May 12, 2026, resetting the master calendar hearing for two weeks. *Id.* Therefore, both parties are responsible for delays.

Accordingly, after examining the factors set forth in *Lopez v. Garland*, the Court concludes that the length of Petitioner's detention, the likelihood of further delay, and the absence of any evidence that Petitioner caused the delays together demonstrate that continued detention without an individualized bond hearing violates due process.

## III.   CONCLUSION

For the reasons set forth above, the Court **GRANTS IN PART** the petition for a writ of habeas corpus. Respondents shall hold a bond hearing within fourteen days of this order unless the noncitizen requests a continuance. The government shall bear the burden of establishing by clear and convincing evidence that Petitioner poses a danger or flight risk. All other requests set forth in Petitioner's prayer for relief, ECF No.1 at 9-10, are **DENIED**.

**IT IS SO ORDERED.**

Dated: July 24, 2026

Honorable Benjamin J. Cheeks
United States District Judge

26-cv-2917-BJC-JLB